Response to Confidential Offer under Federal Rule of Civil Procedure 408

Civil Case Number: 4:23-cv-00106

RECEIVED
JUN 0 8 2023
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

On November 29, 2022, I received an email from the government, which the government described as a "confidential settlement offer." While I vehemently disagreed with some of the government's characterizations of my actions, I know everyone involved in the investigation of this case did their due diligence. And so, I want to thank all those involved very much.

This letter is to refute the government's allegations against me. I am rebutting the accusations on my own. I am so much in debt that I do not have the money to hire an attorney to represent me. My medical bills and my day-to-day financial struggles have taken a toll on my financial viability.

I know this case has taken a long time to resolve, which was due to situations that were beyond everybody's control. The government has posited that my inability to pay the government was one of the reasons this case was delayed. I appreciate the government's largess. But I still do not believe I owe the government any money. At least, I do not understand how the government concluded that I owe it $411,594.00, which was a reduction of a settlement offer of $617, 319. The government seems to be asserting that its calculation is based on its assessment of the billing codes I used between 2013 to 2019 at which time I was rendering psychological services in nursing homes.

The reason I do not understand the argument the government is putting forward is that it seems to be arguing that I could have used the current procedural terminology (CPT) Code 90832—Psychotherapy 30 minutes with patient and/or family member, this Code was added on January 1, 2013. It was changed on January 1, 2017, with the previous descriptor being "Psychotherapy, 30 minutes with patient and/family member," as opposed to using the CPT Code 90834—Psychotherapy 45 minutes with patient and/or family member. Whichever CPT Codes the government indicates I should have used, with the family psychotherapy codes, the concentration of the service delivery is on family dynamics or interactions or—a subset of the family, such as parents or children—though the treatment is still intended for the benefit of the patient.

In addition, the CPT Code 90832 is defined as a session of 30 minutes. But Medicare advises not to bill for sessions less than 16 minutes or more than 37 minutes in length. Also, CPT Code 90834 is defined as a session of 45 minutes. But Medicare advises billing for sessions between 38 minutes and 52 minutes. Additionally, this CPT Code is defined as individual psychotherapy, insight-oriented, behavior modifying, and/or supportive, 38—52 minutes with the patient and/or family member in an outpatient setting.

I have been going to nursing homes since 2008. For the most part, I have seen patients with anxiety, major depression, and mild neurocognitive disorders. In 2019, I began to use the 96130 and 96131 CPT Codes for Psychological Evaluation Services after the codes were updated from a single CPT Code, 96101. And I used CPT Codes 96132 and 96133 for Neuropsychological Evaluation Services. Also, these CPT Codes were updated from a single CPT Code, 96118.

Psychological testing evaluation services by a qualified health care professional include integration of patient data, interpretation of standardized test results and clinical data, clinical decision making, treatment planning, report, and interactive feedback to the patient, family member(s), or caregiver(s). Also, neuropsychological testing evaluation services by a qualified health care professional include integration of the patient data, interpretation of standardized test results and clinical data, clinical decision making, treatment planning, report, and interactive feedback to the patient, family member(s), or caregiver(s). All the above descriptors were included in the hours the government describes as "impossible days for which he submitted claims more than twenty-four hours."

To me, the government's position remains unclear. Whether or not I used CPT Code 90832 or 90834, the stipulations are still the same. And they are as follows: The treatment of mental illness and behavioral disturbances in which the physician or other qualified health care professional, through definitive therapeutic communication, attempts to alleviate the emotional disturbances, reverse or change maladaptive patterns of behavior, and encourage personality growth and development.

It means psychotherapy is the treatment for mental illness and behavior disturbances. Additionally, a clinician has to establish a professional contract with his or her patient, using definitive therapeutic communication, attempting to alleviate the emotional disturbances, reversing or changing maladaptive patterns of behavior, and encouraging personality growth and development.

Response to Confidential Offer 3

I believe I tried to maintain a professional relationship with the patients I saw in the nursing homes to which I went based on therapeutic principles, and structured techniques. I chose to use CPT Code 90834 because I made it a part of the therapeutic process to use family members, i.e., husbands, wives, sons, and daughters, as informants. That is because it got to be difficult to rely on patients in nursing homes to accurately report their symptomologies. But in all of these cases, the patients had always been present. They had to. They had to permit me to talk to their family members.

And I chose CPT Code 90834 because it helps me explore the patients' thoughts, feelings, and behaviors to identify areas of concern and use various techniques, such as relationship building, communication, and behavior change, to address the patient's mental health issues. It was impossible to use CPT Code 90832 because my sessions were lasting for more than 37 minutes. And I was performing additional evaluation and management services during the sessions.

The government has, also, maintained that "we have reason to believe you did not actually work the hours you claimed to work based on patient interviews as well as nursing home video surveillance." I have not seen the video surveillance, therefore, I do not know what it shows. As far as I am concerned, I do not know where I would have been if I was not working. On occasions, I have gone out to move my car to the back if I was going to stay very late at Granger Nursing Home. Also, I do not know which patient interviews the government is referring to. I have not seen any patient interviews, indicating I was not at Granger Nursing Home when I noted that I was. During the interrogation process, the agent alleged that he was informed that I was sitting in the lobby of Granger Nursing Home without doing anything. Again, I have not been shown any evidence to buttress that claim.

The government contends that I received a letter from AdanceMed on October 28, 2014. That is not entirely accurate. An opened letter was handed over to me in one of the nursing homes at which I was on that day. I did not know where the letter came from or who opened it. Nevertheless, as instructed, I telephoned the telephone number listed in the letter. I do not remember if I talked to anybody, but after consulting with an attorney online I was encouraged to make the payment without admitting to any guilt. That is because it would not be worth it to fight it. To this day, I do not see the evidence used to justify the amount of $597.39 I was asked to pay.

Response to Confidential Offer 4

The government asserts that I would see patients without going to the bathroom or taking breaks for meals. I have never brought any meals to Granger Nursing Home. That is because I only eat once a day. About using the bathroom, I did use the bathroom. I normally used the patient's bathroom before going to see my next patient if I feel like using the bathroom. I do not eat junk food or drink water if it is not bottled water. And so, I have gone without water if I did not take bottled water to any of the nursing homes. The days and times that the government has listed as the days and times I left Granger Nursing Home early are not familiar to me. Therefore, I do not have a clue as to what the government is claiming.

Suing me for defrauding Medicare and Medicaid is something I will not understand. I did my billing the best way I know how. I followed the guidelines established by the Center for Medicare and Medicaid Services. This is all I know about this case.

*[Signature: DEphraimpott-pepperman 06.05.23]*
Daniel Ephraim Pott-Pepperman

P.O. Box 997
Des Moines, IA 50304

CERTIFIED MAIL
9589 0710 5270 0318 6025 66

U.S. POSTAGE PAID
FCM LETTER
WEST DES MOINES
50265
JUN 06, 23
AMOUNT
$4.78
R2304H108949-9

RDC 99      50309

ED & CLEARED BY USMS    bb Clerk of Court
123 East Walnut Street
Room #300
Des Moines, Iowa 50309

50309-208499